```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

IN RE

JEFFREY L. FRENCH,

            Debtor.
_____/

V. JOHN BROOK, as Chapter 7
Trustee of the estate of
JEFFREY L. FRENCH,

            Appellant,
v.                                  Case No. 8:11-cv-2489-T-33
                                     Adv. No. 8:10-ap-1403-CED
                                    Bankr. No. 8:09-bk-9454-CED
ROLFE & LOBELLO, P.A., a Florida
professional association,

            Appellee.
_____/
```

**ORDER**

This matter comes before the Court pursuant to the Notice of Appeal (Doc. # 1-1) filed by V. John Brook, as Chapter 7 Trustee of the estate of Jeffrey L. French, on November 3, 2011. Brook appeals the Order Granting Rolfe & Lobello's Motion for Summary Judgment (Doc. #1-43; B.R. Doc. # 41) entered by the Bankruptcy Court on July 7, 2011, and the Order Denying Plaintiff's Motion for Reconsideration (Doc. #1-2; B.R. Doc. # 50), entered by the Bankruptcy Court on September 2, 2011.

After considering the briefs of the parties and the record below, the Court finds that the facts and legal arguments are adequately presented and the decision-making process would not be aided significantly by oral argument. For the reasons that follow, the Court concludes that the Bankruptcy Court's orders must be affirmed.

I. **Background and Procedural Posture**

On February 9, 2010, Brook filed an adversary proceeding against Rolfe & Lobello, P.A. and HSBC Bank USA, N.A. d/b/a Household Finance Corporation for unlawful debt collection practices. (Doc. # 1-5). Brook alleged that, prior to French filing bankruptcy, Rolfe & Lobello made multiple calls to French's place of employment, Lakeland Electric, in an attempt to collect a debt on behalf of Household Finance, and that the caller falsely represented herself as being with the State Attorney's Office. (Id. at ¶ 14-16). Brook alleged that such conduct violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq.

On May 6, 2011, Brook filed a motion for summary judgment (Doc. # 1-13), attaching the Affidavit of French, the Declaration of Vicki Hunter, a secretary in French's office, and a letter written by Hunter and sent to Brook shortly after

-2-

French filed bankruptcy. Rolfe & Lobello filed its motion for summary judgment on May 12, 2011 (Doc. # 1-20), attaching one page of AT&T phone records and the affidavits of Lawrence Rolfe, corporate representative of Rolfe & Lobello, and Erica Walters, a collection agent with Rolfe & Lobello.

A hearing was held on the motions for summary judgment on June 21, 2011. (Doc. # 1-41). Brook's counsel did not argue his motion, stating that there were disputed facts precluding summary judgment. Rolfe & Lobello, however, argued that its undisputed evidence showed that there was no violation of the law, that Brook had failed to establish sufficient factual evidence to support his allegations, and that Brook's evidence was contradictory and therefore not credible.[1]

The Bankruptcy Court granted Rolfe & Lobello's motion for summary judgment on July 7, 2011, on the grounds that Brook had not established a genuine issue for trial. (Doc. # 1-43). Brook filed a motion for reconsideration (Doc. # 1-44), which was heard on August 24, 2011 (Doc. # 2). The Bankruptcy Court denied the motion for reconsideration on September 2, 2011 (Doc. # 1-2), and Brook filed the instant appeal.

---

[1] Rolfe & Lobello also asserted a statute of limitations defense. The Bankruptcy Court denied summary judgment on that ground.

-3-

**II.  <u>Standard of Review</u>**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. <u>In re Colortex Indus., Inc.</u>, 19 F.3d 1371, 1374 (11th Cir. 1994). Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's grant of summary judgment de novo, "applying the same summary judgment legal standard applicable in the Bankruptcy Court and viewing all evidence and reasonable inferences in favor of the non-moving party." <u>In re Weeks Landing, LLC</u>, 439 B.R. 897, 911 (Bankr. M.D. Fla. 2010); <u>see also</u> <u>Useden v. Acker</u>, 947 F.2d 1563, 1572 (11th Cir. 1991) (noting that a grant of summary judgment is subject to de novo review).

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>see also</u> <u>In re Weeks Landing</u>, 439 B.R. at 911 (applying Rule 56 to summary judgment in bankruptcy court). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the

-4-

existence of a genuine issue of material fact will preclude a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996) (citing <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. <u>See</u> <u>Porter v. Ray</u>, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that

-5-

there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing <u>Celotex</u>, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981), <u>cert. denied</u>, 456 U.S. 1010 (1982).

**III. <u>Analysis</u>**

In its motion for summary judgment (Doc. # 1-20), Rolfe & Lobello denied speaking with French or Hunter, asserting that its phone and business records showed only one call made

-6-

to French's place of employment and that the office was closed and no message was left. (Doc. # 1-20 at 5). In his Affidavit in Support of Summary Judgment, corporate representative Lawrence C. Rolfe explained the firm's practices regarding phone messages left by its collectors, which would not have permitted the alleged calls. (Doc. # 1-24 at 2). Erica Walters stated in her affidavit that she made the one call to French's place of employment and that she never left a message or told anyone she was from the State Attorney's Office. (Id. at 6-7). This evidence shifted the burden to Brook to demonstrate that genuine issues of fact remained.

In response, Brook filed the depositions of French (Doc. # 1-28) and Hunter (Doc. # 1-32). French and Hunter reiterated -- with some variation -- that a caller identifying herself as from the State Attorney's Office left messages with Hunter over several months in early 2009, providing a phone number with a 904 area code. Hunter took these messages for French on Post-It notes. Hunter conducted an Internet search of the phone number and found that it originated from a Jacksonville law firm. French, who works with state attorneys frequently in his employment, felt that the calls were suspicious. He returned one call and concluded that the State Attorney's Office was not involved.

-7-

During the hearing on the motion for summary judgment, Rolfe & Lobello argued that it had submitted conclusive evidence showing that the firm had not contacted French or Hunter, and that Brook had failed to meet his burden of proof. (Doc. #1-41, Mot. Hr'g Tr. 5, June 21, 2011). Brook countered that full phone records would be available at trial and suggested that the telephone records of creditors are not always consistent with the testimony of debtors. Brook also stated that although multiple creditors called French, Hunter came to recognize the particular caller allegedly from Rolfe & Lobello. (Id. at 17-22).

In its order granting summary judgment, the Bankruptcy Court found that there was no genuine issue for trial "given the inconsistencies and contradictions in the affidavits and depositions" Brook submitted. (Doc. # 1-43 at 6). Brook moved for reconsideration on the grounds that material facts were in dispute, and the court may only weigh conflicting evidence and determine the credibility of witnesses at trial. (Doc. # 1-44 at 4). During the hearing on the motion for reconsideration, the Bankruptcy Court judge explained that credibility was not at issue: "Let me just say that I accepted the affidavits and the deposition transcripts of the witnesses and gave them full credit for being credible. I found them to be credible

witnesses." (Doc. # 2, Mot. Hr'g Tr. 4, Aug. 24, 2011). Instead, the Bankruptcy Court denied the motion for reconsideration because Hunter lacked "a very consistent or effective method for transmitting messages." (Id.).

The question before this Court is whether the Bankruptcy Court erred by finding facts and making determinations of witness credibility on summary judgment. In order to grant summary judgment, the trial court must be able to conclude, as a matter of law, that the non-movant's proffered evidence was insufficient for a reasonable jury to find in the non-movant's favor. Mize, 93 F.3d at 742.

> Nevertheless, there is a difference between direct evidence and inferences that may permissibly be drawn from that evidence. Where a non-movant presents direct evidence that creates a genuine issue of material fact, the only issue is one of credibility; thus there is no legal issue for the court to decide. A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible."

Id. at 742-43 (citations omitted). In other words, "[w]here the evidence is circumstantial, a court may grant summary judgment when it concludes that no reasonable jury may infer from the assumed facts the conclusion upon which the non-movant's claim rests." Id. at 743.

-9-

Here, French and Hunter testified that someone they believed to be from Rolfe & Lobello called French's workplace on multiple occasions and represented that she was with the State Attorney's Office. The only evidence linking those calls to Rolfe & Lobello is a number with a 904 area code that Hunter found to be associated with an attorney's office in Jacksonville, Florida. French and Hunter were unable to provide the dates and times of those calls, and the Post-It notes Hunter used to record the messages are unavailable.

While it may be possible to infer that a representative of Rolfe & Lobello made those calls, "[t]he mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Considering the evidence in the light most favorable to Brook, the Court finds that Brook failed to present evidence from which a reasonable jury could find that Rolfe & Lobello made the alleged calls.

Furthermore, the Court notes that this matter had been set for a bench trial. It is permissible for a trial court in a non-jury case to grant summary judgment if witness credibility is not at issue and trial would not enhance the court's ability to draw inferences and conclusions:

>If a decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though the decision may depend upon inferences to be drawn from what has been incontrovertibly proved. Under those circumstances, which may be rare, the judge who is also the trier of fact may be warranted in [drawing a conclusion] even if that conclusion is deemed 'factual' or involves a 'mixed question of fact and law.' A trial on the merits would reveal no additional data. . . . The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.

Nunez v. Superior Oil Co., 572 F.2d 1119, 11-23-24 (5th Cir. 1978).[2] Applying these criteria, this Court finds that the Bankruptcy Court properly drew inferences from the facts, and agrees with the inferential conclusions the Bankruptcy Court reached.

Drawing all inferences in the light most favorable to Brook, as the nonmoving party, the Court determines that Brook did not meet his burden of showing a genuine issue of material fact for trial. Accordingly, summary judgment in favor of Rolfe & Lobello was appropriate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions as of September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

(1) The Bankruptcy Court's Order Granting Rolfe & Lobello's Motion for Summary Judgment (Doc. #1-43; B.R. Doc. # 41) and the Order Denying Plaintiff's Motion for Reconsideration (Doc. #1-2; B.R. Doc. # 50) are **AFFIRMED.**

(2) The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of April, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record